**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JEANNINE BOGARD, et al.,** ) | **CASE NO. 5:07 CV 0671** |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **KENNETH L. MORCKEL, et al.,** ) | |
| ) | |
| Defendants. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |

This matter is before the Court upon Defendants' Motion to Reconsider Stay of Proceedings. (Dkt. # 5). Also before the Court are Defendants' Memorandum in Opposition to Plaintiffs' Motion to Stay (Dkt. # 7) and Plaintiffs' Reply in Support of Motion to Stay. (Dkt. # 8). For the reasons discussed below, Defendants' Motion to Reconsider Stay is **DENIED**.

Plaintiff Jeannine Bogard ("Plaintiff"), individually and on behalf of all others similarly situated, brings the instant action against Defendants Kenneth L. Morckel, C. Scott Johnson, and Carol Nolan Drake ("Defendants"), alleging violations of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721 *et seq*., and 42 U.S.C. § 1983. Defendants bring the instant Motion to Reconsider Stay pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

This class action is one of twelve related cases in seven federal districts involving contracts between Imagitas, Inc. ("Imagitas"), a private company, and state motor vehicle departments. See In re Imagitas, Inc., Drivers' Privacy Protection Act Litigation, 486 F.Supp.2d 1371 (J.P.M.L. 2007). The Complaint alleges that Defendants violated the DPPA and 42 U.S.C. § 1983 through the disclosure of Plaintiffs' personal information, obtained by the Ohio Bureau of Motor Vehicles,

1

for commercial solicitation purposes.  (Dkt. #1).

On May 8, 2007, the Judicial Panel on Multidistrict Litigation ("J.P.M.L.") consolidated and transferred eight cases involving Imagitas contracts from six federal district courts, including two cases from the Northern District of Ohio, to the Middle District of Florida.[1]  See In re Imagitas, 486 F.Supp.2d at 1372-73.  On May 21, 2007, the J.P.M.L. conditionally transferred this case, along with four others, to the Middle District of Florida as a potential tag-along case to the original eight, pursuant to 199 F.R.D. 425, 435-36 (2001).

On June 7, 2007, Defendants filed a Motion to Dismiss in this Court, claiming a lack of standing, failure to state a claim, and qualified immunity.  (Dkt. # 3).  On June 20, 2007, Plaintiff filed a Motion to Stay Proceedings in this Court pending a final determination by the J.P.M.L. regarding the transfer of the instant action to the Middle District of Florida.  (Dkt. # 4).  This Court granted Plaintiffs' motion and ordered all proceedings stayed pending such transfer.  On June 26, 2007, Defendants filed the instant Motion to Reconsider Stay.  (Dkt. # 5).

The Court has carefully considered the Defendants' Motion to Reconsider Stay and Memorandum in Support.  The Court is persuaded that the interests of judicial and litigation economy are best served by a stay of proceedings in this Court pending a final determination by the J.P.M.L. regarding transfer of this case to the Middle District of Florida.  A stay in these proceedings will avoid duplicative discovery should the case be transferred, and will prevent pretrial rulings inconsistent with those in the consolidated litigation.

---

[1] Plaintiff filed a related action against Imagitas in the Northern District of Ohio on November 29, 2006.  See Bogard v. Imagitas, C.A. No. 5:06-2868.  That case was consolidated with Mathias v. Imagitas, C.A. No. 1:06-2118 and re-assigned to District Judge Christopher A. Boyko on December 6, 2006.  The consolidated case was one of the eight cases transferred to the Middle District of Florida by the J.P.M.L. in its May 8, 2007, Transfer Order.  Pursuant to L.R. 3.1(b)(3), the instant case should have been consolidated with them and re-assigned to District Judge Boyko at the early stages of the litigation.

2

Defendants argue that a stay of proceedings in this Court would prejudice them by delaying a ruling on their claim of qualified immunity. To the contrary, if all proceedings are stayed pending the decision of the J.P.M.L., Defendants are not burdened by the litigation and their qualified immunity claim remains intact. Their argument, therefore, is unpersuasive.

For the foregoing reasons, Defendants' Motion for Reconsideration of Stay is **DENIED**. (Dkt. # 5). All proceedings in this Court remain stayed pending a final determination by the J.P.M.L. regarding transfer to the Middle District of Florida.

**IT IS SO ORDERED**.

                                              **/s/ Peter C. Economus - August 13, 2007**
                                              **PETER C. ECONOMUS**
                                              **UNITED STATES DISTRICT JUDGE**